1 TIMOTHY L. ALGER, Bar No. 160303
TAlger@perkinscoie.com
2 KEVAN FORNASERO, Bar No. 274943
KFornasero@perkinscoie.com
3 PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
4 San Francisco, CA 94111-4131
Telephone: 415.344.7000
5 Facsimile: 415.344.7050

6 Attorneys for Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE REQUEST FOR ORDER REQUIRING FACEBOOK, INC. TO PRODUCE DOCUMENTS AND THINGS | Case No. 5:12-mc-80171-LHK (PSG)<br><br>**FACEBOOK, INC.'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE**<br><br>Judge: Hon. Paul S. Grewal<br>Dept.: 5<br>Date: September 11, 2012<br>Time: 10:00 a.m. |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 10:00 a.m. on September 11, 2012, or at the earliest practicable time thereafter on this Court's schedule, in the courtroom of the Honorable Paul S. Grewal, 280 South First Street, San Jose, California, 95113, Facebook, Inc. will and hereby does move for an order quashing the subpoena issued by Anisa Daftary and Jawed Karim or, alternatively, for an order governing disclosure of the records Applicants seek that is consistent with the federal Stored Communications Act.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the supporting declaration of Ryan Spear, and any other matter the Court may properly consider.

DATED: August 6, 2012
Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Kevan Fornasero
    Kevan Fornasero

Attorneys for Facebook, Inc.

## I. INTRODUCTION

In this proceeding under 28 U.S.C. § 1782, Anisa Daftary and Jawed Karim (the "Applicants") sought and obtained permission from this Court to issue a subpoena to Facebook seeking communications stored in the account of deceased Facebook user Sahar Daftary. Facebook now moves to quash Applicants' subpoena because it violates the federal Stored Communications Act, 18 U.S.C. § 2701, *et. seq.* ("SCA").

The SCA prohibits service providers like Facebook from disclosing the contents of users' communications unless one of the statute's narrow exceptions applies. Courts have held repeatedly that the SCA contains no exception allowing disclosure in response to a subpoena. Applicants seem to argue that they can compel Facebook to disclose in response to their subpoena because (1) the SCA allows service providers to disclose a user's communications with the user's lawful consent, and (2) Anisa, as administrator of Sahar's estate, may consent to disclosure on behalf of Sahar. But even assuming that the consent of a deceased user's administrator satisfies the SCA's consent exception—a matter that is not at all clear—consent-based disclosures under the SCA are voluntary, not mandatory.

Facebook therefore respectfully requests that the Court quash the Applicants' subpoena. Alternatively, if the Court wishes to help Applicants obtain the communications they seek without violating the SCA, Facebook requests that the Court (1) hold as a matter of law that Anisa Daftary, as the administrator of Sahar Daftary's estate, may provide lawful consent to the disclosure of communications in Sahar's Facebook account under § 2702(b) of the SCA, and (2) order Facebook to disclose the records Applicants seek (provided those records are reasonably accessible to Facebook).

## II. FACTUAL BACKGROUND

Facebook is a communications service provider that enables its users to communicate and share with one another. Applicants state that they are surviving family members of Sahar Daftary, a "woman who died tragically in Manchester, England on the night of December 20, 2008." Ex Parte Application for Order to Conduct Disc. & for Issuance of Subpoena for Docs. for Use in Foreign Legal Proceeding Pursuant to 28 U.S.C. § 1782 ("Petition") at 3 (Dkt. 1). According to

3
FACEBOOK, INC.'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE
Case No. 5:12-mc-80171-LHK (PSG)

Applicants, the U.K. government has "initiated a quasi-judicial proceeding known as a Coroner's Inquest to determine the cause of [Sahar's] death."

Federal law allows a foreign litigant to ask a U.S. court to compel a person within the court's jurisdiction to provide information for use in a foreign proceeding. *See* 28 U.S.C. § 1782(a). On July 19, 2012, Applicants petitioned this Court for leave to subpoena records from Sahar's Facebook account for use in the Inquest. Order 1 (Dkt. 8). Applicants believe those records may help the Coroner establish the cause of Sahar's death. *See id.* at 1-2.

The Court granted Applicants' Petition on July 20, 2012, expressly noting that "[t]he court's order is without prejudice . . . to Facebook moving to quash [Applicants'] subpoena." *Id.* at 2. Applicants then served Facebook with a subpoena seeking "any and all emails and messages sent or received by SAHAR DAFTARY beginning November 20, 2008 through and including December 11, 2008 and any and all computer bulletin board posts of SAHAR DAFTARY between the same dates." Decl. of Ryan Spear, Ex. A.

### III.   ARGUMENT

#### A.   Applicants Cannot Obtain Disclosure via a Subpoena.

Section 2702(a) of the SCA generally prohibits service providers from disclosing the contents of a user's electronic communications. *See* 18 U.S.C. § 2702(a)(1), (2). Section 2702(b) provides eight narrow exceptions to the general rule against disclosure, but none of those exceptions allows a service provider to disclose in response to a civil subpoena. *See* 18 U.S.C. § 2702(b)(1)-(8); *see also Suzlon Energy Ltd. v. Microsoft Corp. ("Suzlon")*, 671 F.3d 726, 730 (9th Cir. 2011) ("Declaring an implicit exception to the [SCA] for civil litigation would erode the safety of the stored electronic information and trigger Congress' [sic] privacy concerns."); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1073-74 (9th Cir. 2004) (holding that a civil subpoena seeking content cannot compel production under the SCA); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974-75, 981 (C.D. Cal. 2010) (concluding that Facebook is a covered service provider and that, under 18 U.S.C. § 2703(b), only governmental entities can compel production of content from service providers). In other words, the SCA "contains no exception

for disclosure of [electronic] communications pursuant to civil discovery requests." *Viacom Int'l, Inc. v. YouTube, Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008).

Subpoenas issued under 28 U.S.C. § 1782 are equally subject to the strictures of the SCA. For example, in *Beluga Shipping GMBH & Co. KS "Beluga Fantastic" v. Suzlon Energy Ltd.*, applicants sought leave to subpoena email messages from nonparty Google Inc. for use in a foreign proceeding. Magistrate Judge Trumbull denied the request as "futile" because the SCA "prohibits a subpoena if it seeks the content of any email account absent a consent." 2010 WL 3749279, at *3-4 (N.D. Cal. Sept. 23, 2010). Similarly, in *Suzlon*, applicants subpoenaed email messages from nonparty Microsoft Corporation for use in a foreign proceeding. After Microsoft objected to the subpoena, the district court quashed the subpoena and the applicants appealed. The Ninth Circuit affirmed the district court, making clear that the SCA "limits § 1782" and does not allow foreign litigants to obtain the contents of users' communications by way of subpoena. 671 F.3d at 728-30.

In short, the plain language of the SCA and the cases interpreting the statute are clear and uniform—civil subpoenas (like Applicants' subpoena) cannot compel service providers (like Facebook) to disclose the contents of users' communications.

**B.    Applicants Cannot Obtain Disclosure with Consent.**

**1.    Consent-based disclosures under the SCA are permissive, not mandatory.**

Notwithstanding the clear rule against subpoena-based disclosures, applicants contend that their subpoena is valid because Anisa Daftary, as the administrator of Sahar's estate, consents to the disclosure of Sahar's communications. It is true that the SCA includes an exception permitting service providers to disclose communications with the "lawful consent" of "the originator or an addressee or intended recipient of such communication[s], or the subscriber in the case of remote computing service." 18 U.S.C. § 2702(b)(3). But consent-based disclosures under § 2702(b) are voluntary, not mandatory. Section 2702 is titled "*Voluntary* disclosure of customer communications or records," 18 U.S.C. § 2702 (emphasis added), and § 2702(b) states that a provider "may"—not "shall"—divulge the contents of a users' communications with lawful consent. Thus, even if Anisa is authorized to consent to disclosure of communications in Sahar's

5

account, Facebook could still decline to make that disclosure. *See, e.g., United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.").[1]

### 2. It is unclear whether an administrator may lawfully consent to disclosure of a deceased user's communications.

In any event, it is not at all clear that Anisa's consent satisfies the SCA's consent requirement.

Under § 2702(b)(3) of the SCA, a service provider "may divulge the contents of a communication" with "the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service[.]" 18 U.S.C. § 2702(b), (b)(3). Thus, Facebook would have been permitted to disclose communications stored in Sahar's account if Sahar had lawfully consented to the disclosure. It does not follow, however, that *Sahar's administrator* may provide the consent required by § 2702(b)(3). Section 2702(b)(3) does not clearly state that administrators may consent to disclosure on behalf of decedents. Nor is Facebook aware of any case so holding. And courts consistently decline to infer new exceptions to the SCA's rule against disclosure. *See, e.g., O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1443 (2006) ("[B]y enacting a number of quite particular exceptions to the rule of non-disclosure [in the SCA], Congress demonstrated that it knew quite well how to make exceptions to that rule. . . . Few cases have provided a more appropriate occasion to apply the maxim *expressio unius exclusio alterius est*, under which the enumeration of things to which a statute is presumed to exclude things not mentioned.").

Furthermore, Applicants' consent theory would impose excessive burdens and risks on Facebook and other service providers. For example, different jurisdictions may vest different powers in administrators. Thus, determining whether a particular administrator has the authority to consent to disclosure on behalf of a particular decedent will require an analysis of the relevant

---

[1] While § 2702 of the SCA governs voluntary disclosures, § 2703 governs compelled disclosures. Under § 2703, only a governmental entity can compel disclosure of the contents of communications—and then only if the governmental entity obtains a warrant. *See United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010).

jurisdiction's substantive law.[2] But it would be far too burdensome to require service providers to analyze the law of the relevant jurisdiction each time an administrator asserted the right to consent on behalf of a deceased user. It would also be patently unfair. Service providers are subject to serious penalties for wrongful disclosure. *See* 18 U.S.C. § 2707. Thus, a service provider could be exposed to real risks if it were to conclude wrongly that an administrator was authorized to consent to disclosure on behalf of a deceased user. For that reason, it would be neither fair nor rational to compel Facebook to disclose Sahar's communications merely because Sahar's administrator claims the authority to consent on Sahar's behalf. *See O'Grady*, 139 Cal. App. 4th at 1442 (the mere possibility that a service provider might be able to invoke a defense to improper disclosure under the SCA is not a sufficient reason to compel disclosure).

C. **The Court Should Quash Applicants' Subpoena or Issue an Order Governing Disclosure that Addresses Both Parties' Needs and Concerns.**

For the foregoing reasons, Facebook respectfully requests that the Court quash Applicants' subpoena. Alternatively, if the Court wishes to help Applicants obtain the communications they seek without violating the SCA, the Court could resolve this case by issuing an order addressing the needs and concerns of both parties. Specifically, the Court could issue an order (1) holding as a matter of law that Anisa Daftary, as the administrator of Sahar Daftary's estate, may provide lawful consent to the disclosure of communications in Sahar's Facebook account under § 2702(b) of the SCA, and (2) ordering Facebook to disclose the records Applicants seek (provided those records are reasonably accessible to Facebook).

An order of that kind would have at least two virtues. First, it would provide Facebook with assurance that the consent offered by Sahar's administrator is, as a matter of law, the "lawful consent" required by § 2702(b)(3). Second, the Court could resolve this case without suggesting (contrary to settled law) that a subpoena is sufficient to compel disclosure of communications under the SCA. *See, e.g., Suzlon*, 671 F.3d at 730.

---

[2] Applicants suggest as much by asking the Court to take judicial notice of U.K. law regarding the authority of administrators. *See* Request for Judicial Notice, Ex. D (Dkt. 4).

7

FACEBOOK, INC.'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE
Case No. 5:12-mc-80171-LHK (PSG)

## IV. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court quash Applicants' subpoena or issue an order, as described above, governing disclosure of the records Applicants seek.

DATED: August 6, 2012

PERKINS COIE LLP

By: /s/ Kevan Fornasero
Kevan Fornasero

Attorneys for Facebook, Inc.