UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE REQUEST FOR ORDER REQUIRING FACEBOOK, INC. TO PRODUCE DOCUMENTS AND THINGS | Case No.: C 12-80171 LHK (PSG)<br><br>**ORDER GRANTING FACEBOOK, INC.'S MOTION TO QUASH**<br><br>**(Re: Docket No. 10)** |

On December 20, 2008, Sahar Daftary ("Sahar") died after falling from the twelfth floor of an apartment building located in Manchester, England. As is customary in such a case, the local Coroner's Office is conducting an inquest to determine the circumstances surrounding, and the cause of, her death. Applicants Jawed Karim and Anisa Daftary (collectively, "Applicants") are Sahar's surviving family members and were invited by the Coroner's Office to provide records showing Sahar's state of mind when she died. Sahar apparently had a Facebook account that she used on a regular basis. Applicants dispute that Sahar committed suicide and believe that her Facebook account contains critical evidence showing her actual state of mind in the days leading up to her death. To that end, Applicants filed an ex parte application pursuant to 28 U.S.C. §1782 for leave to subpoena records from her Facebook account for the time period from November 20 to

1

Case No.: C 12-80171 LHK (PSG)
ORDER

1 December 11, 2008.[1] The order granting the application was without prejudice, however, to
2 Facebook, Inc. ("Facebook") moving to quash the subpoena.[2] Applicants were ordered to serve a
3 copy of the order along with their subpoena.[3]

Facebook now moves to quash the subpoena on the grounds that the subpoena violates the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* ("SCA"). Alternatively, Facebook moves for an order establishing Applicants' authority to tender consent on Sahar's behalf and compelling disclosure of Sahar's Facebook records. Applicants oppose. On September 11, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Facebook's motion to quash is GRANTED.

The case law confirms that civil subpoenas may not compel production of records from providers like Facebook. To rule otherwise would run afoul of the "specific [privacy] interests that the [SCA] seeks to protect."[4] These cases have considered subpoenas under both Fed. R. Civ. P. 45[5] and Section 1782,[6] and in any event the court sees no practical difference. It would be odd, to put it mildly, to grant discovery related to foreign proceedings but not those taking place in the United States. Nor is the court persuaded that Applicants' consent on Sahar's behalf distinguishes

---

[1] Applicants previously applied ex parte to subpoena records from Sahar's Facebook account for the period covering the nine-day period from December 12-20, 2008. Although Judge Lloyd granted their request, s*ee In re Request for Order Requiring Facebook, Inc. to Produce Documents and Things,* Case No. C 11-80190 Misc. LHK (HRL), Applicants now believe that records related to the twenty days preceding that time period are necessary for the Coroner's Inquest.

[2] *See* Docket No. 8.

[3] *See id.*

[4] *See Theofel v. Farley-Jones,* 359 F.3d 1066, 1074 (9th Cir. 2004) (internal citations omitted).

[5] *See In re Subpoena Duces Tecum to AOL, LLC,* 550 F.Supp.2d 606, 610- 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of 18 U.S.C. § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsby's electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas"); *see also Viacom Int'l Inc. v. Youtube, Inc.,* 253 F.R.D. 256, 264 (S.D. N.Y. 2008) (holding that the SCA prohibits disclosure of electronic communications pursuant to a civil subpoena because the SCA "contains no exception for disclosure of such communications pursuant to civil discovery requests.").

[6] *See Suzlon Energy Ltd. v. Microsoft Corp.,* 671 F.3d 726, 730 (9th Cir. 2011) (rejecting civil litigation exception to SCA bar on provider disclosures of communications).

2
Case No.: C 12-80171 LHK (PSG)
ORDER

these precedents so as to justify compelling production. Under the plain language of Section 2702, while consent may *permit* production by a provider, it may not *require* such a production.[7] The Applicants subpoena must be quashed.

Having agreed with Facebook that the Section 1782 subpoena should be quashed, the court lacks jurisdiction to address whether the Applicants may offer consent on Sahar's behalf so that Facebook may disclose the records voluntarily. Any such ruling would amount to nothing less than an impermissible advisory opinion. Of course, nothing prevents Facebook from concluding on its own that Applicants have standing to consent on Sahar's behalf and providing the requested materials voluntarily.

**IT IS SO ORDERED.**

Dated: 9/20/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[7] *See* 18 U.S.C. § 2702(b) ("A provider described in subsection (a) *may* divulge the contents of a communication--… (3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service") (emphasis added). *See also United States v. Rodgers,* 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.").

3
Case No.: C 12-80171 LHK (PSG)
ORDER